IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| MARLA F. CRAWFORD, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-20-48 |
| BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marla F. Crawford, proceeding *pro se*, brings this civil action against Defendant Board of Education of Prince George's County,[1] alleging race discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et seq.* ECF No. 1. Pending before the Court are Plaintiff's Motion to Continue Stay, ECF No. 8, and Motion for Leave to Amend Complaint, ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion to Continue Stay is denied, and Plaintiff's Motion for Leave is granted.

Defendant hired Plaintiff as a science teacher on or about September 17, 2014. ECF No. 1 ¶¶ 20–21; ECF No. 9-1 ¶¶ 24–25. In July 2015, Plaintiff transferred to International High School

---

[1] Plaintiff also names Prince George's County Public Schools as a defendant. *See* ECF No. 1. However, as Defendant Board of Education of Prince George's County notes in its Answer to the Complaint, ECF No. 6 at 1 n.1, the school district is not an entity that can be sued. *See Adams v. Calvert Cty. Pub. Sch.*, 201 F. Supp. 2d 516, 520 n.3 (D. Md. 2002) ("The school district, however, does not exist as a separate entity for purposes of suit."); *James v. Frederick County Public Schools*, 441 F. Supp. 2d 755, 758 (D. Md. 2006) (finding that, instead of naming Frederick County Public Schools as a defendant, the plaintiff "should have named the Board"). Accordingly, Plaintiff is understood to be suing only Defendant Board of Education of Prince George's County, and Prince George's County Public Schools shall be removed as a defendant from this action.

at Largo, located in Upper Marlboro, Maryland. ECF No. 1 ¶ 22; ECF No. 9-1 ¶ 26. Plaintiff, who is African American, alleges that, from July 2015 through August 28, 2017, she was subject to different treatment than her similarly situated non-African American coworkers. ECF No. 1 ¶ 24; ECF No. 9-1 ¶ 27. Plaintiff filed complaints of race discrimination in 2016 and in August 2017. ECF No. 1 ¶¶ 23, 26; ECF No. 9-1 ¶¶ 27, 29. She then filed an EEOC complaint on or about January 18, 2018 (#438-2018-00515). ECF No. 1 ¶ 15; ECF No. 9-1 ¶ 15. She received a Right to Sue letter from the EEOC on or about October 14, 2009, ECF No. 1 ¶ 17; ECF No. 9-1 ¶ 17, and filed suit in this Court on January 8, 2020, ECF No. 1.

On February 28, 2020, counsel for Plaintiff filed a Motion to Withdraw as Attorney and a Motion for Stay pending resolution of Plaintiff's second EEOC complaint, filed September 5, 2019. ECF No. 3. The second EEOC complaint (#438-2019-01549) appears to involve a claim of retaliation in violation of the American with Disabilities Act. ECF No. 3-2. The Motion to Withdraw was granted, and Plaintiff is now proceeding *pro se*. ECF No. 4.

On June 8, 2020, Plaintiff filed a third EEOC complaint (#531-2020-02213) regarding ongoing discrimination "as it pertains to her health care." ECF No. 9-1 ¶ 20. The EEOC complaint alleges that Plaintiff's healthcare benefits were terminated in retaliation for filing the instant lawsuit. ECF No. 9-2. Plaintiff received a Right to Sue letter on September 11, 2020, ECF No. 9-1 ¶ 21, and filed a Motion for Leave to Amend Complaint on December 11, 2020, *id*. The proposed Amended Complaint does not add parties or claims; instead, it adds allegations concerning the filing of the third EEOC complaint, ECF No. 9-1 ¶¶ 20–23, and the termination of her healthcare benefits, *id.* ¶¶ 64–68.

On the same day, December 11, 2020, Plaintiff filed a Motion to Continue Stay pending resolution of the second EEOC complaint, now on appeal, and a fourth EEOC complaint (#531-

2020-02152). ECF No. 8. On December 28, 2020, Defendant filed a Notice stating that it takes no position on either motion—the Motion for Leave or the Motion to Continue Stay. ECF No. 10.

The Court first considers Plaintiff's Motion for Leave. Plaintiff moves to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which allows amendment "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff did not request or obtain Defendant's written consent, ECF No. 10 at 1 n.1, and Defendant has not provided it, instead stating that Defendant takes no position on Plaintiff's Motion for Leave, *id.* at 1. The Court thus must determine whether to grant Plaintiff leave to amend.

Courts are to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has interpreted Rule 15(a) to provide that leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Because Defendant does not oppose the Amended Complaint, discovery has not yet begun, there is no indication of bad faith, and the additional allegations are not clearly futile, the Court grants Plaintiff's Motion for Leave.

The Court next turns to Plaintiff's Motion to Continue Stay.[2] A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254 (1936). But that discretion is not without limits. *In re Sacramento Mun. Utility Dist.*, 395 Fed. App'x 684, 687 (Fed. Cir. 2010). A court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255; *see also United*

---

[2] Although Plaintiff requests a continuance of the stay, the original request for a stay was not ruled on, and no stay is currently in place.

*States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." (citing *Landis*, 299 U.S. at 254)). Because Plaintiff states that the second EEOC complaint is being appealed, thus suggesting that an initial decision has already been issued,[3] and Plaintiff has not indicated how the fourth EEOC complaint relates to this case, Plaintiff has not shown that a stay is warranted.

Accordingly, it is hereby ordered by the United States District Court for the District of Maryland that:

1. The Clerk **SHALL AMEND** the docket to remove Prince George's County Public Schools as a defendant in this action;

2. Plaintiff's Motion to Continue Stay, ECF No. 8, is **DENIED**;

3. Plaintiff's Motion for Leave to Amend Complaint, ECF No. 9, is **GRANTED**, and ECF No. 9-1 is now the operative Complaint;

4. Plaintiff **SHALL FILE** a comparison copy of the Amended Complaint identifying any changes in compliance with Local Rule 103.6(c);

5. Defendant **SHALL FILE** a response to Plaintiff's Amended Complaint within 14 days of notice of this Order. *See* Fed. R. Civ. P. 15(a)(3).

6. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Plaintiff.

Date: <u>August 16, 2021</u>              <u>        /s/                          </u>
                                            GEORGE J. HAZEL
                                            United States District Judge

---

[3] The Amended Complaint also does not reference the second EEOC complaint, so it is not clear that it is relevant to Plaintiff's claims.